# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **JOHN R. KENDRICK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **06-40219-FDS** |
| | ) | |
| **NORTH CENTRAL CORRECTIONAL** | ) | |
| **INSTITUTE, GARDNER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

_____)

## MEMORANDUM AND ORDER ON APPLICATION
## FOR CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

This matter is pending before the Court on petitioner John R. Kendrick's request for a

Certificate of Appealability ("COA") pursuant to 28 U.S.C. §2253.  Kendrick seeks a COA to

allow him to appeal this Court's order of July 12, 2007, dismissing his petition for writ of habeas

corpus for lack of jurisdiction under 28 U.S.C. §2254.  For the reasons stated below, the request

for a COA will be denied.

## I.    Background

On January 21, 2000, the petitioner pleaded guilty in Massachusetts state court to two

counts of indecent assault and battery on a child under fourteen.  He was sentenced to two

concurrent terms of two and a half years.  He served the first seventeen months of the sentence,

the balance was suspended, and he was placed on probation.  In 2002, he was found to have

violated the terms of his probation.  On December 10, 2002, he was ordered to serve the

remaining thirteen months of his suspended sentence.  On September 2, 2003, while he was still

serving the sentence imposed pursuant to the December 10 judgment, he was sentenced by a

Massachusetts state court to a term of five to six years imprisonment pursuant to an unrelated

conviction.  He did not receive credit toward the new sentence for the time he spent in

confinement prior to the September 2 judgment.

Petition appealed the order revoking his probation to the Massachusetts Court of Appeals,

which affirmed the order on March 11, 2005.  *See Commonwealth v. Kendrick*, 63 Mass. App. Ct.

142 (2005).  His application for further appellate review was allowed and the Supreme Judicial

Court affirmed the order revoking his probation on February 9, 2006.  *See Commonwealth v.*

*Kendrick*, 446 Mass. 72 (2006).  On October 6, 2006, he filed a petition in this Court for a writ of

habeas corpus by a person in state custody under 28 U.S.C. § 2254.  He alleged that the

December 10, 2002 decision revoking his probation and ordering him to serve the remaining

thirteen months of his sentence was unconstitutional.

## II.    Analysis

### A.    Dismissal of Habeas Petition

In a Memorandum and Order dated July 12, 2007, this Court granted respondent's motion

to dismiss.  As this Court explained, in order to invoke habeas corpus jurisdiction, petitioner must

be "in custody" under the conviction or sentence under attack at the time his petition is filed.  *See*

*Maleng v. Cook*, 490 U.S. 488, 491 (1989).  However, when a petitioner is still in custody

pursuant to a sentence that was imposed consecutively to the one he is challenging, he may attack

a conviction underlying a sentence that already has been served.  *Garlotte v. Fordice*, 515 U.S.

39, 41 (1995).

At the time petitioner filed his habeas petition, he was serving a second sentence unrelated

to the constitutionally challenged sentence he had previously served.  Although petitioner had remained in the continuous custody of the state when and after the first challenged sentence expired, the second sentence was imposed "forthwith and notwithstanding" the preexisting sentence.  A "forthwith and notwithstanding" sentence terminates the preexisting sentence, and is not consecutive to it.  *See Batiste v. Scott*, 134 F.3d 361, 361 (1st Cir. 1998).  Accordingly, the Court denied petitioner's writ for lack of § 2254 jurisdiction.

### B.      Request for COA

Kendrick now seeks a COA allowing him to appeal the dismissal of his petition.  A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition.  22 U.S.C. § 2253(b).  Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge.  28 U.S.C. § 2253(c).  By local rule, in the First Circuit,  "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability."  First Circuit Local Rule 22.1(b).  Ordinarily, the Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused the writ is available, unless an application has first been made to the district court judge."  *Id.*

The United States Supreme Court has indicated that where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Petitioner's application does not specifically state the issue for which he seeks a COA.  He does not appear to substantively contest that his second sentence was imposed "forthwith and notwithstanding" the challenged sentence, not "from and after" that sentence.  *See Batiste*, 134 F.3d at 361.  He instead contends that the issue considered in *Batiste* has never been specifically addressed by the Supreme Court and asserts a fundamental right to "attack[] the very duration of [his] physical confinement itself."  *Preiser v. Rodriguez,* 411 U.S. 475, 487-488 (1973).

The Court concludes, for the reasons set forth in its Memorandum and Order dismissing the petition and recounted in part above, that reasonable jurists could not find that its dismissal of Kendrick's habeas petition for lack of jurisdiction was incorrect or debatable.  That being the case, the Court need not consider the validity of petitioner's underlying constitutional claims.  *See McDaniel*, 529 U.S. at 484-485 ("Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.  Section 2253 mandates that *both* showings must be made before the court of appeals may entertain the appeal") (emphasis added).  Accordingly, the request for a COA will be denied.

## III.    Conclusion

For the foregoing reasons, petitioner's request for a Certificate of Appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: February 28, 2008                     United States District Judge